IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON BROOKFIELD,<br><br>    Petitioner,<br><br>    vs.<br><br>JAMES YATES,<br><br>    Respondent.<br>_____/ | 1:11-cv-00357-AWI-JLT (HC)<br><br>ORDER DENYING AS MOOT PETITIONER'S MOTION FOR STAY (Doc. 22)<br><br>ORDER GRANTING PETITIONER'S MOTION TO FILE SUPPLEMENTAL ARGUMENTS (Doc. 28) |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on March 2, 2011.  (Doc. 1). Respondent filed the Answer on June 17, 2011.  (Doc. 20).  On June 30, 2011, Petitioner filed the instant motion for a 120-day stay of proceedings on the grounds that Petitioner's "jailhouse lawyer," Charles Davis, had been transferred to another facility and would be unavailable to assist him until Davis was able to access his legal materials.  (Doc. 22).

On August 3, 2011, before the Court could rule on the motion for stay, Petitioner filed a 46-page Traverse along with various additional lodged documents and a declaration.  (Docs. 25, 26).  On August 23, 2011, Petitioner filed a motion for leave to file supplemental legal arguments to the Traverse.  (Doc. 28).  In that motion, Petitioner included the supplemental arguments he wished to have considered.  To date, Respondent has not objected to either motion.

**DISCUSSION**

In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Supreme Court held that federal courts may issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. <u>Rhines</u>, 544 U.S. at 276-277. In so holding, the Supreme Court noted that the procedure should be "available only in limited circumstances." 544 U.S. at 277. Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." <u>Id</u>. at 277-278; <u>Robbins v. Carey</u>, 481 F.3d 1143, 1149 (9th Cir. 2005). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. <u>Rhines</u>, 544 U.S. at 278.

Petitioner, however, did not request a "stay and abey" in order to exhaust additional claims. Rather, Petitioner requested what was, in essence, an extension of time to file his Traverse in order to obtain the assistance of Mr. Davis, who had been transferred to another facility and had not yet been able to access his legal materials in order to assist Petitioner. That circumstance appears to have been resolved since Petitioner has filed a length and comprehensive traverse, lodged documents and declarations, and supplemental arguments. Accordingly, the Court will deny as moot Petitioner's motion for stay of proceedings.

Regarding Petitioner's motion to file supplemental arguments in the traverse, the Court notes that Petitioner was diligent in filing said supplemental arguments within three weeks of filing his traverse. Respondent has not objected to Petitioner's request, and the Court sees no prejudice in granting the request.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Petitioner's motion for stay of proceedings (Doc. 22), is DENIED as MOOT; and,

///

///

///

2. Petitioner's motion for leave to file supplemental arguments related to the Traverse (Doc. 28), is GRANTED.

IT IS SO ORDERED.

Dated:  **September 8, 2011**  	          **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE