UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON J. BROOKFIELD, | 1:11-cv-00357-AWI-JLT  (HC) |
| Petitioner, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| JAMES YATES, Warden, | (Doc. 30) |
| Respondent. | |

On July 12, 2012, Petitioner filed a motion requesting appointment of counsel.  (Doc. 30).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984).  However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  In the present case, the Court does not find that the interests of justice require the appointment of counsel. Petitioner's reliance upon Martinez v. Ryan, __U.S.__, 132 S.Ct. 1309 (2012), is misplaced.  In that case, the Supreme Court dealt with an Arizona inmate raising a claim of ineffective assistance.  Because, under Arizona law, a petitioner cannot raise ineffective assistance in his direct appeal, but can only raise it initially on collateral attack, the Supreme Court held that in such cases a procedural default

1

will not bar a federal habeas court from hearing the inmate's claims if, in the initial-review collateral proceeding, there was no counsel or counsel was ineffective. Id. at 1315-1320. Here, by contrast, California law permits a state inmate to raise ineffective assistance in his direct appeal and, more importantly, there is no indication that Petitioner was procedurally barred from raising this issue because of state law. Accordingly, Martinez is entirely inapposite.

Second, Petitioner appears to argue that the case is so complex that appointed counsel is required. The Court disagrees. Sixth Amendment law on ineffective assistance, unlike many issues that arise in the habeas context, is quite clearly prescribed and delineated in the cases and does not appear, to the Court, to pose such a complex legal analysis that appointed counsel is required at this juncture. Accordingly, IT IS HEREBY ORDERED that petitioner's request for appointment of counsel (Doc. 30), is DENIED.

IT IS SO ORDERED.

Dated:  **July 18, 2012**                               /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE